## GENERAL COURT, (E. S.) SEPT. TERM, 1802.

### THOMPSON et al. Lessee, vs. BROWN.

EJECTMENT for part of a tract of land called *Anthrapp,* lying in Queen-Anne's county.

*Harper,* for the defendant, moved the court to direct the jury that the following expressions in the grant of the tract of land called *Anthrapp,* to wit: "Begin-"ning at a marked oak standing on the point, and "running NE. 100 perches to another marked oak "standing by *Hambleton's* creek side, *and running* "*from the said oak E. a little northerly up the said* "*creek and branch* 400 *perches to a marked beech tree* "*standing by the fresh run side,*" were not binding so as to carry the course along with the stream or creek, but the course intended was a straight line to the beech called for. That those expressions neither imported in themselves, nor were intended to confine the last course or line to the creek or run side, but were merely a description by which that line was to have the same general direction as the creek; that this construction was confirmed by the subsequent expressions of the same patent. Where, in describing the last course of the same tract, which was evidently intended to bind with another creek, the expressions are definite, and admit of no doubt. They are these—"and with a line drawn from the said beech "SSW. 360 perches unto the S. main run, *bounded on* "*the S. with the said southern run and creek* to the first "marked oak." From the difference of those two expressions in the same grant, the same idea could not have been intended to be conveyed, and as the

*The following expressions in a grant of land, viz. "Beginning at a marked oak standing on the point and running NE. 100 perches to another marked oak standing by Hambleton's creek side, and running from the said oak E. a little northerly up the said creek and branch 400 perches to a marked beechtree standing by the fresh run side." Held by the general court, that the last course should be a straight line, to be run from the oak to the beech; but reversed on appeal, by the court of appeals.*

last unquestionably meant to bind upon the creek, the first could not have been so intended.

*Martin,* (Attorney General,) for the plaintiff. It appears by the location of the land on the plots in the cause, to have been the intention, evidently, of the patentee, to include all the land between the two creeks; and although the expressions in the patent, if scanned with critical exactness, might not carry the line along the creek, yet taking them in the point of view in which they would be understood in common parlance, it is evident the course was intended to bind on and with the creek. The expressions in patents and certificates must be construed in a broad and liberal sense for the benefit of the grantees; *first,* because surveyors in those times were generally men of little education, and cannot be supposed to have spoken and written with grammatical accuracy; there being numerous instances in which expressions equally loose in other patents have been fairly proved to bind on a water course; *secondly,* because all grants are to be construed most favourably for the grantees. The loose and indefinite nature of the course itself is a strong reason why it should bind upon the creek. What course is "an east a little northerly?" Is it east one, two, or twenty degrees, minutes or seconds, northerly? And since the expression itself gives no precise course, it certainly must have been intended to bind on the creek.

Chase, Ch. J(a). The Court are of opinion, that it appears from the words themselves, independently of other expressions in the grant, that it was intended the course in question should be a straight line, and they therefore direct the jury, that the course must run from the oak to the beech, wherever, from the testimony, they may find the beech stood. The plaintiff excepted, and the verdict and judgment being for the defendant, the plaintiff appealed to the Court of Appeals.

(a) *Duvall* and *Done,* J. concurred.

*Martin* and *Hammond*, for the Appellant.

*Bullitt* and *Scott*, for the Appellee.

THE COURT OF APPEALS, [*Tilghman, Buchanan* and *Gantt, J.*] *Reversed* the judgment of the General Court, at December term 1807, and awarded a *procedendo* to the County Court(*a*).

*(a)* It is believed the court of appeals reversed the judgment of the general court upon the ground that there was *ambiguity* in the expressions used in the grant, and that therefore the question should have been left to the decision of the jury.